| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID M. POITRAS P.C. (SBN 141309)<br>JEFFER MANGELS BUTLER & MITCHELL LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067-4308<br>Telephone:  (310) 203-8080<br>Facsimile:  (310) 203-0567<br>Email:  dpoitras@jmbm.com<br><br><br>☐  *Movant appearing without an attorney*<br>☒  *Attorney for Movant* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

</div>

| In re:<br><br>BRENDA B. BIDAURE, | CASE NO.: 6:16-bk-10414-WJ<br><br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations)**<br>**(REAL PROPERTY)** |
| <div align="right">Debtor(s).</div> | DATE: February 10, 2016<br>TIME: 2:45 p.m.<br>COURTROOM: 304 |
| **Movant:** Duke Partners, LLC and/or its Assigns | |

1. **Hearing Location:**

   ☐  255 East Temple Street, Los Angeles, CA 90012       ☐  411 West Fourth Street, Santa Ana, CA 92701
   ☐  21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐  1415 State Street, Santa Barbara, CA 93101
   ☒  3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 1                          **F 4001-1.RFS.RP.MOTION**

Case 6:16-bk-10414-WJ   Doc 8   Filed 01/20/16   Entered 01/20/16 18:29:05   Desc
Main Document    Page 2 of 68

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than *(date)* _____ and *(time)* _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 1/20/2016

Jeffer Mangels Butler & Mitchell LLP
Printed name of law firm (if applicable)

David M. Poitras
Printed name of individual Movant or attorney for Movant

/s/ David M. Poitras
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014          Page 2          F 4001-1.RFS.RP.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

    ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

    ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

    ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

    ☒ Other (*specify*):
    Purchase Receipt from Trustee's Sale

2. **The Property at Issue (Property):**

    a. Address:

    *Street address*: 4916 Westmont Street
    *Unit/suite number*:
    *City, state, zip code*: Riverside, CA 92507

    b. Legal description, or document recording number (including county of recording)
    See Exhibit 1

3. **Bankruptcy Case History:**

    a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13
    was filed on (*date*)  1/19/2016  .

    b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____

    c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

       (1) ☐ Movant's interest in the Property is not adequately protected.

          (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

          (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

          (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

       (2) ☒ The bankruptcy case was filed in bad faith.

          (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

          (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

          (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

          (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

          (E) ☒ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

          (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 3    F 4001-1.RFS.RP.MOTION

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☒ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:

6. **Evidence in Support of Motion: (*Declaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                     Page 4                          **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1.  Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2.  ☐ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3.  ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.  Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

4.  ☐ Confirmation that there is no stay in effect.

5.  ☒ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6.  ☒ Any co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8.  ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9.  ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or  ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or  ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  1/20/2016

Jeffer Mangels Butler & Mitchell LLP
_____
Printed name of law firm (*if applicable*)
David M. Poitras
_____
Printed name of individual Movant or attorney for Movant

/s/ David M. Poitras
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (print name of Declarant) Sheri Crandall _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (specify):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (state title and capacity):

   c. ☐ Other (specify):

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Movant is:

   a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.
      ☐ Beneficiary.

   d. ☒ Other (specify): Holder of Purchase Receipt from Trustee's Sale

4. a. The address of the Property is:

      Street address: 4916 Westmont Street
      Unit/suite no.:
      City, state, zip code: Riverside, CA 92507

   b. The legal description of the Property or document recording number (including county of recording)

      See Exhibit 1

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.  Type of property (*check all applicable boxes*):

a. ☐ Debtor's principal residence     b. ☐ Other residence
c. ☐ Multi-unit residential     d. ☐ Commercial
e. ☐ Industrial     f. ☐ Vacant land
g. ☒ Other (*specify*): Residential

6.  Nature of the Debtor's interest in the Property:

a. ☒ Sole owner

b. ☐ Co-owner(s) (*specify*):

c. ☐ Lienholder (*specify*):

d. ☐ Other (*specify*):

e. ☒ The Debtor ☐ did ☒ did not  list the Property in the Debtor's schedules.

f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.

    The deed was recorded on (*date*) _____.

7.  Movant holds a ☐ deed of trust ☐ judgment lien ☒ other (*specify*) <u>Purchase Receipt From Trustee's Sale</u>
that encumbers the Property.

a. ☒ A true and correct copy of the document is attached as Exhibit 2.

b. ☐ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit _____.

c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8.  Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ |
| b. | Accrued interest: | $ | $ | $ |
| c. | Late charges | $ | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[      ] | $[      ] | $[      ] |
| g. | TOTAL CLAIM as of (*date*): | $ | $ | $ |

h. ☐ Loan is all due and payable because it matured on (*date*) _____

9.  Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

a. Notice of default recorded on (*date*) <u>7/11/2012</u> or ☐ none recorded.

b. Notice of sale recorded on (*date*) <u>1/2/2015</u> or ☐ none recorded.

c. Foreclosure sale originally scheduled for (*date*) <u>1/30/2015</u> or ☐ none scheduled.

d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

e. Foreclosure sale already held on (*date*) <u>1/19/2016</u> or ☐ none held.

f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*          Page 7          **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a.  Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b.  Number of payments that have come due and were not made: _____. Total amount: $_____

    c.  Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d.  The fair market value of the Property is $_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e.  **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT**: $ | | | |

    f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g.  ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h.  ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                Page 8                F 4001-1.RFS.RP.MOTION

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:


12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: 3/9/2016 ____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date: N/A ____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                                $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                                          $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                          $[                    ]

TOTAL POSTPETITION DELINQUENCY:          $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
applied (if applicable):
$_____   received on (*date*) _____
$_____   received on (*date*) _____
$_____   received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (specify):

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name: _____
        Chapter: _____ Case number: _____
        Date filed: _____ Date discharged: _____ Date dismissed: _____
        Relief from stay regarding the Property ☐ was ☐ was not granted.

        2. Case name: _____
        Chapter: _____ Case number: _____
        Date filed: _____ Date discharged: _____ Date dismissed: _____
        Relief from stay regarding the Property ☐ was ☐ was not granted.

        3. Case name: _____
        Chapter: _____ Case number: _____
        Date filed: _____ Date discharged: _____ Date dismissed: _____
        Relief from stay regarding the Property ☐ was ☐ was not granted.

    ☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 10    F 4001-1.RFS.RP.MOTION

19. ☒ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☒ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☒ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_1/20/16_
Date

_Sheri Crandall_
Printed name

_____
Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

CONTINUATION OF DECLARATION OF SHERI CRANDALL

RE 4916 WESTMONT STREET, RIVERSIDE, CALIFORNIA 92507

**New paragraphs:**

20.     Movant has been forced to retain counsel to represent it in this matter, and is thereby incurring attorneys' fees and costs.

21.     The Property was duly noticed for sale by public auction pursuant to a Notice of Trustee's Sale recorded on January 2, 2015 in the official records of Riverside County, California as Document Number 2015-0000605.  The sale was originally scheduled for January 30, 2015 and the sale was continued periodically in accordance with applicable state law.  A true and correct copy of the Notice of Trustee's Sale is attached to the Motion and this Declaration as Exhibit 3.

22.     The Property was in fact sold via public auction in accordance with the Notice of Trustee's Sale on January 19, 2016 (the "Foreclosure Sale").

23.     Movant was the successful bidder at the Foreclosure Sale.  Movant has no connection with the foreclosing lender and was not the beneficiary under the applicable deed of trust.  A true and correct copy of the Purchase Receipt from Trustee's Sale is attached to the Motion and this Declaration as Exhibit 1.

24.     After the petition date herein and after the Foreclosure Sale, Movant was advised that the debtor and property owner herein, Brenda Bidaure, filed a face-sheet chapter 13 bankruptcy petition on the day of the Foreclosure Sale just hours before the scheduled time of the Foreclosure Sale.

25.     The current bankruptcy filing is at least the eighth bankruptcy filing by this debtor and others affecting this Property.  In some instances, the debtor filed the bankruptcy case in her own name.  In other instances, the debtor deeded a fractional interest in the Property to a trust, then named some third party entity already in a bankruptcy case as a beneficiary of said trust, to stay in bad faith duly noticed foreclosure sales of the Property.  The dockets or other relevant filing information concerning the prior seven bankruptcy petitions affecting this Property are attached to the Motion and this Declaration collectively as Exhibit 4.

26.     In the debtor's last bankruptcy case, relief from stay was granted as to this Property by this Court.  A true copy of the prior order granting relief from the automatic stay is attached to the Motion and this Declaration as Exhibit 5.

27.     In the current case, debtor has not filed any schedules, statement of financial affairs or chapter 13 plan.

28.    In my experience as a property supervisor for Movant, I can attest that it has become increasingly common for borrowers facing an imminent real property foreclosure sale to file face-sheet bankruptcy petitions just prior to the scheduled foreclosure sale, in an effort to frustrate, delay and otherwise improperly postpone legitimate foreclosure sales.  For all of the foregoing reasons, this appears to be the scheme employed in this case.

29.    Based upon the foregoing, Movant seeks an order of this Court annulling the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the actions set forth above.  Specifically, Movant seeks annulment of the automatic stay to give effect to the Foreclosure Sale that took place on January 19, 2016, to allow delivery and recordation of the Trustee's Deed Upon Sale, and thereafter to take any and all action permitted under applicable state law to obtain possession of the Property.

LA 12556617v1

# EXHIBIT 1

# LEGAL DESCRIPTION

Lot 24 of Tract No. 32820 in the City of Riverside, County of Riverside as Shown by Map on
File in Book 411 Pages 11 through 18 of Maps, Records of Riverside County California

Exhibit 1 - 14

# EXHIBIT 2

# RECEIPT OF FUNDS

DATE 1-19-16    NPP# 240054    TS# 9980-9117

(X) Trustee's Sale    ( ) Sale of Collateral    ( ) Reinstatement

Trustee Name NBS DEFAULT SERVICES
Contact THIRD PARTY FUND PROCESSING
Address 14841 DALLAS PARKWAY #300
City DALLAS    St TX Zip 75254    Phone 214-766-7251

**FUNDS RECEIVED:**    NUMBER OF CHECKS 8

| Check Number | Drawn on (Name of Financial Institution) | Amount |
|---|---|---|
| 1002043633 | BANK OF THE WEST | 100,000.00 |
| 1002045090 | " " | 100,000.00 |
| 1002045029 | " " | 100,000.00 |
| 1002045025 | " " | 100,000.00 |
| ~~1002045~~ | " " | ~~0.00~~ |
| ~~1002045000~~ | " " | 25,000.00 |
| 1002045004 | " " | 2500.00 |

TOTAL CHECKS RECEIVED (A) $

Receipt of Currency:
Buyer or Buyers Agent
and Trustee's Sale Agent
Initial Below:

_____ x 100 = _____
_____ x 50 = _____
_____ x 20 = _____
_____ x 10 = _____
_____ x 5 = _____
_____ x 1 = _____
_____ x Coin = _____

Buyer's Initials    TS Agent Initials

(9:24) (5840/20VIT)

TOTAL CASH RECEIVED (B) $
TOTAL ALL FUNDS (A+B) $ 450,000.00

Total Funds Collected:    $ 450,000.00
Subtract Amount of Final Bid:    $ 449,100.00
Subtract Doc/City/Rec Fees:    $
*Equals Amount of Refund:    $ 900.00
*If refund, check should be made payable to: Wedgewood

Agent for Trustee Signature

## BUYER/RECORDING INFORMATION

Rep. Name Anthony V. Hooper    Company Name Wedgewood
Address 2015 Manhattan Beach Blvd. #106
City Redondo Beach    St CA    Zip 90278
Phone (310) 640-3070    Email
Mailing address for recorded documents (if different from above address) SAME

Driver's License # C3786944    or Social Security #
Title to be recorded as follows (Vesting) Duke Partners, LLC

Buyer's signature below indicates the above information is true and correct. Buyer's signature below affirms Buyer's or Buyer's Agent understands and agrees the sale of the referred to property is on an "As Is" basis, with no warranties, expressed or implied, regarding but not limited to, title, condition, possession or encumbrances.

_____    1-19-16
Signature of Buyer or Buyer's Representative    Date

# EXHIBIT 3

**DOC # 2015-0000605**
01/02/2015 12:19 PM Fees: $28.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY
TICOR TITLE COMPANY OF CALIFORNIA
4210 Riverwalk Parkway, Suite 200
Riverside, CA 92505

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: SMEZA

AND WHEN RECORDED MAIL TO:
NBS Default Services, LLC
301 E. Ocean Blvd, Suite 1720
Long Beach, CA 90802

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: 9980-9117    TSG Order No.: 89731 A.P.N.: 253-381-009-5

## NOTICE OF TRUSTEE'S SALE
NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

出售通知

注：本文件包含一个信息摘要

매각 공고
참고사항: 본 첨부 문서에 정보 요약서가 있습니다

## AVISO DE VENTA
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO

## PABATID NG PAGBEBENTA
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP

THÔNG BÁO BÁN
BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN CHÍNH

(The above statement is made pursuant to CA Civil Code Section 2923.3(c)(1). The Summary will be provided to
Trustor(s) and/or vested owner(s) only, pursuant to CA Civil Code Section 2923.3(c)(2).)

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 09/20/2007.  UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED
AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD
CONTACT A LAWYER.

NBS Default Services, LLC, as the duly appointed Trustee, under and pursuant to the power of sale
contained in that certain Deed of Trust Recorded 09/25/2007 as Document No.: 2007-0601232, of
Official Records in the office of the Recorder of Riverside County, California, executed by: BRENDA
BIDAURE, A SINGLE PERSON, as Trustor,  WILL SELL AT PUBLIC AUCTION TO THE HIGHEST
BIDDER FOR CASH (payable in full at time of sale by cash, a cashier's check drawn by a state or
national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal
savings and loan association, savings association, or savings bank specified in section 5102 of the
Financial Code and authorized to do business in this state),  All right, title and interest conveyed to
and now held by it under said Deed of Trust in the property situated in said County and state, and as
more fully described in the above referenced Deed of Trust.

Exhibit 3 - 16

Sale Date & Time: 01/30/2015 at 09:00 AM
Sale Location: At the front entrance of the former Corona Police Department at 849 W. Sixth Street, Corona, CA.

The street address and other common designation, if any, of the real property described above is purported to be: 4916 WESTMONT ST, RIVERSIDE, CA 92507

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made in an "AS IS" condition, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to-wit: $647,609.38 (Estimated) as of 12/31/2014.   Accrued interest and additional advances, if any, will increase this figure prior to sale. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call, 916-939-0772 for information regarding the trustee's sale or visit this Internet Web site, www.nationwideposting.com, for information regarding the sale of this property, using the file number assigned to this case, T.S.# 9980-9117. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee and the successful bidder shall have no further recourse.

NBS Default Services, LLC
301 E. Ocean Blvd. Suite 1720
Long Beach, CA 90802
800-766-7751
For Trustee Sale Information Log On To: www.nationwideposting.com or Call: 916-939-0772.

**NBS Default Services, LLC, Nicole Rodríguez, Foreclosure Associate**

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of the debt referenced herein in a bankruptcy proceeding, this is not an attempt to impose personal liability upon you for payment of that debt. In the event you have received a bankruptcy discharge, any action to enforce the debt will be taken against the property only.

Exhibit 3 - 17

# EXHIBIT 4

DISMISSED, NoFeeRequired, CLOSED

# U.S. Bankruptcy Court
## Central District of California (Riverside)
## Bankruptcy Petition #: 6:12-bk-35577-DS

|  |  |
|---|---|
| | *Date filed:* 11/15/2012 |
| *Assigned to:* Deborah J. Saltzman | *Date terminated:* 03/21/2013 |
| Chapter 13 | *Debtor dismissed:* 01/31/2013 |
| Voluntary | *341 meeting:* 01/03/2013 |
| Asset | |

*Debtor disposition:* Dismissed for Other Reason

**Debtor**
**Brenda B Bidaure**
4916 Westmont St
Riverside, CA 92507
RIVERSIDE-CA
SSN / ITIN: xxx-xx-3122

represented by **Brenda B Bidaure**
PRO SE

**Trustee**
**Rod (DS) Danielson (TR)**
3787 University Avenue
Riverside, CA 92501
(951) 826-8000

**U.S. Trustee**
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 11/15/2012 | 1<br>(6 pgs; 3 docs) | Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Brenda B Bidaure Schedule A due 11/29/2012. Schedule B due 11/29/2012. Schedule C due 11/29/2012. Schedule D due 11/29/2012. Schedule E due 11/29/2012. Schedule F due 11/29/2012. Schedule G due 11/29/2012. Schedule H due 11/29/2012. Schedule I due 11/29/2012. Schedule J due 11/29/2012. Statement of Financial Affairs due 11/29/2012. Chapter 13 Plan due by 11/29/2012. Statement - Form 22C Due: 11/29/2012.Statement of |

Exhibit 4 - 18

| | | |
|---|---|---|
| | | Related Case due 11/29/2012. Notice of available chapters due 11/29/2012. Statement of assistance of non-attorney due 11/29/2012. Verification of creditor matrix due 11/29/2012. Summary of schedules due 11/29/2012. Declaration concerning debtors schedules due 11/29/2012. Cert. of Credit Counseling due by 11/29/2012. Statistical Summary due 11/29/2012. Debtor Certification of Employment Income due by 11/29/2012. Incomplete Filings due by 11/29/2012. (Sarancha, Jenny) (Entered: 11/15/2012) |
| 11/15/2012 | 2 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 01/03/2013 at 08:00 AM at RM 100-1, 3801 University Ave., Riverside, CA 92501. Confirmation hearing to be held on 01/08/2013 at 01:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. Proof of Claim due by 04/03/2013. (Sarancha, Jenny) (Entered: 11/15/2012) |
| 11/15/2012 | 3 | Statement of Social Security Number(s) Form B21 Filed by Debtor Brenda B Bidaure . (Sarancha, Jenny) (Entered: 11/15/2012) |
| 11/15/2012 | 4 (2 pgs) | Exhibit D Filed by Debtor Brenda B Bidaure . (Sarancha, Jenny) (Entered: 11/15/2012) |
| 11/15/2012 | | Receipt of Chapter 13 Filing Fee - $281.00 by 01. Receipt Number 60103054. (admin) (Entered: 11/19/2012) |
| 11/17/2012 | 5 (5 pgs) | BNC Certificate of Notice (RE: related document(s)2 Meeting (AutoAssign Chapter 13)) No. of Notices: 3. Notice Date 11/17/2012. (Admin.) (Entered: 11/17/2012) |
| 11/17/2012 | 6 (3 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Brenda B Bidaure) No. of Notices: 1. Notice Date 11/17/2012. (Admin.) (Entered: 11/17/2012) |
| 11/17/2012 | 7 (3 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Brenda B Bidaure) No. of Notices: 1. Notice Date 11/17/2012. (Admin.) (Entered: 11/17/2012) |
| 11/19/2012 | 8 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Bui, Joely Khanh Linh. (Bui, Joely Khanh Linh) (Entered: 11/19/2012) |

Exhibit 4 - 19

| 11/27/2012 | <u>9</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Singh, Ramesh. (Singh, Ramesh) (Entered: 11/27/2012) |
|---|---|---|
| 11/27/2012 | <u>10</u><br>(2 pgs) | Statement Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 11/27/2012) |
| 11/29/2012 | <u>11</u><br>(55 pgs) | Exhibit C , Exhibit D , Statement of related cases , Notice of available chapters , Summary of Schedules , Statistical Summary of Certain Liabilities , Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Declaration concerning debtor's schedules , Statement of Financial Affairs , Statement of assistance of non-attorney , Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer (Form 19) , Debtor's Certification of Employment Income , Chapter 13 Statement of Current Monthly and Disposable Income , Verification of creditor matrix , Certificate of Credit Counseling Filed by Debtor Brenda B Bidaure . (Mason, Shari) (Entered: 11/30/2012) |
| 11/29/2012 | <u>12</u><br>(12 pgs) | Chapter 13 Plan Filed by Debtor Brenda B Bidaure (RE: related document(s)1 Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Brenda B Bidaure Schedule A due 11/29/2012. Schedule B due 11/29/2012. Schedule C due 11/29/2012. Schedule D due 11/29/2012. Schedule E due 11/29/2012. Schedule F due 11/29/2012. Schedule G due 11/29/2012. Schedule H due 11/29/2012. Schedule I due 11/29/2012. Schedule J due 11/29/2012. Statement of Financial Affairs due 11/29/2012. Chapter 13 Plan due by 11/29/2012. Statement - Form 22C Due: 11/29/2012.Statement of Related Case due 11/29/2012. Notice of available chapters due 11/29/2012. Statement of assistance of non-attorney due 11/29/2012. Verification of creditor matrix due 11/29/2012. Summary of schedules due 11/29/2012. Declaration concerning debtors schedules due 11/29/2012. Cert. of Credit Counseling due by 11/29/2012. Statistical Summary due 11/29/2012. Debtor Certification of Employment Income due by 11/29/2012. Incomplete Filings due by 11/29/2012.). (Mason, Shari) (Entered: 11/30/2012) |
| 11/29/2012 | <u>13</u> | |

Exhibit 4 - 20

| | | |
|---|---|---|
| | | Tax Documents for the Year for 2011 Filed by Debtor Brenda B Bidaure . (Mason, Shari) (Entered: 11/30/2012) |
| 12/03/2012 | <u>14</u><br>(6 pgs) | Matrix (Mailing List) Filed by Debtor Brenda B Bidaure . (Sapronetti, Denise) Additional attachment (s) added on 12/4/2012 (Green, Yolanda). (Entered: 12/03/2012) |
| 12/03/2012 | | Receipt of Amendment Filing Fee - $30.00 by 18. Receipt Number 60103538. (admin) (Entered: 12/04/2012) |
| 12/14/2012 | 15 | Hearing Set (RE: related document(s)<u>12</u> Chapter 13 Plan filed by Debtor Brenda B Bidaure) Confirmation hearing to be held on 1/8/2013 at 01:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Deborah J. Saltzman (Jeanmarie, Cynthia) (Entered: 12/14/2012) |
| 12/14/2012 | | Receipt of Amendment Filing Fee - $30.00 by 18. Receipt Number 60103985. (admin) (Entered: 12/17/2012) |
| 12/14/2012 | <u>16</u><br>(9 pgs) | Summary of Schedules , Statistical Summary of Certain Liabilities, Amending Schedules (E) (F), Matrix (Mailing List) Filed by Debtor Brenda B Bidaure . (Mason, Shari) (Entered: 12/17/2012) |
| 12/20/2012 | <u>17</u><br>(6 pgs) | Proof of service Filed by Debtor Brenda B Bidaure . (Mason, Shari) (Entered: 12/20/2012) |
| 12/21/2012 | | Receipt of Amendment Filing Fee - $30.00 by 18. Receipt Number 60104217. (admin) (Entered: 12/24/2012) |
| 12/21/2012 | <u>18</u><br>(7 pgs) | Statistical Summary of Certain Liabilities, Amending Schedules (F) , Matrix (Mailing List) Filed by Debtor Brenda B Bidaure . (Mason, Shari) (Entered: 12/26/2012) |
| 12/27/2012 | <u>19</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Giles, Philip. (Giles, Philip) (Entered: 12/27/2012) |
| 12/27/2012 | <u>20</u><br>(4 pgs) | Objection to Confirmation of Plan Filed by Creditor Wells Fargo Bank, N.A., as trustee, on behalf of the holders of the HarborView Mortgage Loan Trust |

Exhibit 4 - 21

| | | |
|---|---|---|
| | | Mortgage Loan Pass-Through Certificates, Series 2006-12 (RE: related document(s)12 Chapter 13 Plan Filed by Debtor Brenda B Bidaure). (Bui, Joely Khanh Linh) (Entered: 12/27/2012) |
| 12/28/2012 | 21 (79 pgs) | Adversary case 6:12-ap-01494. Complaint by Brenda B Bidaure against Wells Fargo Bank NA , HSBC Bank, USA, National Association As Trustee For Wells Fargo Asset Securities Corporation , NBS Default Services, LLC As Trustee For Wells Fargo Bank NA . (Fee Not Required). Nature of Suit: (11 (Recovery of money/property - 542 turnover of property)) ,(13 (Recovery of money/property - 548 fraudulent transfer)) ,(14 (Recovery of money/property - other)) ,(21 (Validity, priority or extent of lien or other interest in property)) ,(71 (Injunctive relief - reinstatement of stay))(Mitchell, Carla) (Entered: 12/28/2012) |
| 12/28/2012 | 22 (3 pgs) | Summary of Schedules Filed by Debtor Brenda B Bidaure, with proof of service. CORRECTION; Only document attached to this amendment is the summary with the proof of service. (Sapronetti, Denise) (Entered: 01/02/2013) |
| 01/02/2013 | 24 (4 pgs) | Summary of Schedules , Statistical Summary of Certain Liabilities Filed by Debtor Brenda B Bidaure . (Sapronetti, Denise) (Entered: 01/03/2013) |
| 01/02/2013 | 25 (1 pg) | Schedule E Filed by Debtor Brenda B Bidaure . (Sapronetti, Denise) NOTE; No Action Taken. (Entered: 01/03/2013) |
| 01/03/2013 | 23 (35 pgs) | Objection to Confirmation of Plan *with Proof of Service* Filed by Creditor HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-AR7 (RE: related document(s)12 Chapter 13 Plan Filed by Debtor Brenda B Bidaure). (Beherns, Bradley) (Entered: 01/03/2013) |
| 01/03/2013 | 26 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ly, Nancy. (Ly, Nancy) (Entered: 01/03/2013) |
| 01/07/2013 | | |

Exhibit 4 - 22

| | | Receipt of Conversion Chapter 11 Filing Fee - $932.00 by 47. Receipt Number 60104571. (admin) (Entered: 01/08/2013) |
|---|---|---|
| 01/07/2013 | <u>27</u> (9 pgs) | Motion to Convert Case From Chapter 13 to 11. Fee Amount $932 Filed by Debtor Brenda B Bidaure (Mason, Shari) (Entered: 01/08/2013) |
| 01/07/2013 | <u>28</u> (8 pgs) | Notice of motion to Convert Case Filed by Debtor Brenda B Bidaure (RE: related document(s)<u>27</u> Motion to Convert Case From Chapter 13 to 11. Fee Amount $932 Filed by Debtor Brenda B Bidaure). (Mason, Shari) (Entered: 01/08/2013) |
| 01/08/2013 | 29 | Hearing Set (RE: related document(s)<u>27</u> Motion to Convert Case filed by Debtor Brenda B Bidaure) The Hearing date is set for 1/29/2013 at 01:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Deborah J. Saltzman (Mason, Shari) (Entered: 01/08/2013) |
| 01/09/2013 | <u>30</u> (7 pgs) | Notice of Mortgage Payment Change (No Proof of Claim Filed) with Certificate of Service Filed by Creditor BANK OF AMERICA, N.A.. (Murrell, Danette) (Entered: 01/09/2013) |
| 01/18/2013 | <u>31</u> (78 pgs) | Adversary case 6:13-ap-01026. Complaint by Brenda B Bidaure against Internal Revenue Service , Bank of America Levy Department , Kaiser Permanente Payroll and Garnishment Department . (Fee Not Required). Nature of Suit: (14 (Recovery of money/property - other)) ,(21 (Validity, priority or extent of lien or other interest in property)) ,(72 (Injunctive relief - other)) (Olmos, Justin) (Entered: 01/18/2013) |
| 01/30/2013 | 32 | Hearing Held (Bk Motion) (RE: related document(s) <u>27</u> Motion to Convert Case) (Sapronetti, Denise) - DENIED - Tentative Ruling - Deny. Service. FRBP 9014(b) requires that service of a noticed motion must be in accordance with FRBP 7004. A number of FDIC insured institutions were not served pursuant to FRBP 7004(h). A number of corporations/business entities were not served pursuant to FRBP 7004(b)(3). Substantive/Procedural. A debtor does not have an absolute right to convert from chapter 13 to chapter 11. The debtor may request conversion by noticed motion. 11 U.S.C. 1307(d); see In re Krandell, 311 |

Exhibit 4 - 23

| | | |
|---|---|---|
| | | B.R. 438, 439 (Bankr. D. Md. 2004). The debtor improperly used a court form motion for conversion under section 706(a) or 1112(a), and did not rely on the correct statutory provision for seeking conversion from chapter 13 to chapter 11 (i.e., section 1307(d)). To seek conversion, the debtor must file a motion seeking conversion under the appropriate statutory provision and follow the applicable rules. (Entered: 01/30/2013) |
| 01/31/2013 | <u>33</u><br>(1 pg) | Document/Hearing Held Case Dismissed without prejudice (RE: related document(s)<u>12</u> Chapter 13 Plan filed by Debtor Brenda B Bidaure) (Sapronetti, Denise) (Entered: 01/31/2013) |
| 01/31/2013 | <u>34</u><br>(1 pg) | ORDER and Notice of dismissal arising from chapter 13 confirmation hearing - **Debtor** Dismissed. (BNC) (Sapronetti, Denise) (Entered: 01/31/2013) |
| 02/02/2013 | <u>35</u><br>(4 pgs) | BNC Certificate of Notice (RE: related document(s) <u>34</u> ORDER and Notice of Dismissal arising from Ch 13 Conf. Hrg. (BNC)) No. of Notices: 26. Notice Date 02/02/2013. (Admin.) (Entered: 02/02/2013) |
| 02/19/2013 | <u>36</u><br>(4 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod (DS)) (Entered: 02/19/2013) |
| 02/22/2013 | <u>37</u><br>(2 pgs) | Order Denying Motion to Convert Case to Chapter 11 (BNC-PDF) Signed on 2/22/2013 (RE: related document(s)<u>27</u> Motion to Convert Case filed by Debtor Brenda B Bidaure). (Sapronetti, Denise) (Entered: 02/22/2013) |
| 02/24/2013 | <u>38</u><br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>37</u> Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 02/24/2013. (Admin.) (Entered: 02/24/2013) |
| 03/05/2013 | <u>39</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ly, Nancy. (Ly, Nancy) (Entered: 03/05/2013) |
| 03/20/2013 | <u>40</u><br>(3 pgs) | Chapter 13 Trustee's Final Report and Account Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 03/20/2013) |
| 03/20/2013 | | |

Exhibit 4 - 24

| | 41<br>(1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 03/20/2013) |
|---|---|---|
| 03/20/2013 | 42<br>(1 pg) | Proof of service Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 03/20/2013) |
| 03/20/2013 | 43<br>(1 pg) | ORDER discharging chapter 13 panel trustee and exonerate bond liability Signed on 3/20/2013. (Dela Torre, Rudy) (Entered: 03/21/2013) |
| 03/21/2013 | 44 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Dela Torre, Rudy) (Entered: 03/21/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/20/2016 13:50:32 | | | |
| **PACER Login:** | dpoitras3571:2750334:3943733 | **Client Code:** | firm |
| **Description:** | Docket Report | **Search Criteria:** | 6:12-bk-35577-DS Fil or Ent: filed From: 10/22/2011 To: 1/20/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

Exhibit 4 - 25



| To | NBS DEFAULT SERVICES LLC | From | Brenda Bidaure |
|---|---|---|---|
| **Fax #** | 972-643-6699 | **Pages** | 6 |

```
4916 WESTMONT ST
RIVERSIDE, CA 92507

TS# 9980-9117

Auction: 09/12/13 at 9:00 AM

Bankruptcy information included in this fax. Please
review all document before my sale this Thursday. My
Grant Deed is included along with other bankruptcy
information.
```

Exhibit 4 - 26

**13-00346-LA11** Cashay, LLC, a California limited liability compan
**Case type: bk Chapter: 11 Asset: Yes Vol: v Judge: Louise DeCarl Adler**
**Date filed: 01/15/2013 Date of last filing: 09/06/2013**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/09/2013 14:20:45 | | | |
| PACER Login: | at3333 | Client Code: | |
| Description: | Party List | Search Criteria: | 13-00346-LA11 |
| Billable Pages: | 1 | Cost: | 0.10 |

Exhibit 4 - 27

Recording requested by:

Brenda Bidaure

And when recorded, mail this deed and tax
statements to:    Brenda Bidaure
P.O. Box 77191
Corona, CA 92887

DOC # 2013-0436507
09/09/2013

Customer Copy Label
The paper to which this label is
affixed has not been compared
with the filed/recorded document

Larry W Ward
County of Riverside
Assessor, County Clerk & Recorder

# GRANT DEED

APN: 253-381-009-3

DOCUMENTARY TRANSFER TAX: $0.
EXEMPTION (R&T CODE): 11930
EXPLANATION: Transfer to a trust for the benefit of the
Grantor/Grantee and not pursuant to a sale.

_____
Signature of Declarant or Agent determining tax

For a valuable consideration, receipt of which is hereby acknowledged,

**Brenda Bidaure, an Unmarried Women**

hereby grant(s) to:

**The Westmont Street Trust, Rosario B. Bidaure as Trustee**

the following real property in the City of Riverside, County of Riverside, State of California, described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

PROPERTY ADDRESS: 4916 Westmont St., Riverside, CA 92507

Date: September 5th, 2013

_____
Brenda Bidaure

State of California
County of _Riverside_

On _September 5_, 2013, before me, _Anise Mejia, Notary Public_, personally appeared
_Brenda Bidaure_, who proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

_____
Signature of Notary

ANISE MEJIA
Commission # 1985773
Notary Public - California
Riverside County
My Comm. Expires Oct 27, 2016

Exhibit 4 - 28

# AGREEMENT AND DECLARATION OF TRUST

**THIS AGREEMENT AND DECLARATION OF TRUST** known as the **WESTMONT STREET TRUST** is made and entered into this 5th day of SEPTEMBER, 2013, by and between **BRENDA BIDAURE**, Trustor and Beneficiary, (hereinafter referred to as the "Beneficiaries" (with possessory rights to the real property located at 4916 Westmont St., Riverside, CA. 92507 whether one or more, which designation shall include all successors in interest of any Beneficiary), and Trustee: **ROSARIO B. BIDAURE** (hereinafter referred to as the "Trustee", which designation shall include all successor trustees).

IT IS MUTUALLY AGREED AS FOLLOWS:

1. **Revocable.** This trust shall be considered a revocable trust at the discretion of the grantor or beneficiaries.

2. **Trust Property.** The Beneficiaries are about to convey cause to be conveyed to the Trustee by deed, absolute in form, the property described in the attached Exhibit "A", which said property shall be held by the Trustee, in trust for the following uses and purposes, under the terms of this Agreement and shall be hereinafter referred to as the "Trust Property".

3. **Consideration.** No consideration was paid by Trustee for such conveyance. The conveyance will be accepted and will be held by Trustee subject to all existing encumbrances, easements, restrictions or other clouds or claims against the title thereto, whether the same are of record or otherwise. The property will be held on the trusts, terms and conditions and for the purposes hereinafter set forth, until the whole of the trust estate is conveyed, free of this trust, as hereinafter provided.

4. **Beneficiaries.** The following persons are the Beneficiaries of this Trust, and as such, shall be entitled to all of the earnings, avails and proceeds of the Trust Property according to their interests set opposite their respective names:

   Brenda Bidaure, an Unmarried Woman (100%)

5. **Interests.** The interests of the Beneficiaries shall consist solely of the following rights respecting the Trust Property:
   a. The right to direct the Trustee to convey or otherwise deal with the title to the Trust Property as hereinafter set out.
   b. The right to manage and control the Trust Property.
   c. The right to receive the proceeds and avails from the rental, sale, mortgage, or other disposition of the Trust Property.

The foregoing rights shall be deemed to be personal property and may be assigned and otherwise transferred as such. No Beneficiary shall have any legal or equitable right, title or interest, as realty, in or to any real estate held in trust under this Agreement, or the right to require partition of that real estate, but shall have only the rights, as personally, set out above, and the death of a Beneficiary shall not terminate this Trust or in any manner affect the powers of the Trustee.

6. **Powers of Trustee.**
   a. With the written consent of the Beneficiary, the Trustee shall have authority, to issue notes or bonds and to secure the payment of the same by mortgaging the whole or any part of the Trust Property to borrow money, giving notes therefor signed by him in his capacity as Trustee, to invest such part of the capital and the profits therefrom and the proceeds of the sale of bonds and notes in such real estate, equities in real estate, and mortgages in real estate in the United States of America, as he may deem advisable.
   b. With the written consent of the Beneficiary, the Trustee shall have the authority to hold the legal title to all of the Trust Property, and shall have the exclusive management and control of the property as if he were the absolute owner thereof, and the Trustee is hereby given full power to do all things and perform all acts which in his judgment are necessary and proper for the protection of the Trust Property and for the interest of the Beneficiaries in the property of the Trust, subject to the restrictions, terms, and conditions herein set forth.
   c. Without prejudice to the general powers conferred on the Trustee hereunder, it is hereby declared that the Trustee shall have the following powers, with the consent of the Beneficiaries:
      (1) To purchase any real property for the Trust at such times and on such terms, as may seem advisable, to assume mortgages upon the property.
      (2) To sell at public auction or private sale, to barter to exchange, or to dispose of otherwise, any part, or the whole of the Trust Property which may, from time to time form part of the Trust estate, subject to such restrictions and for such consideration for cash and for credit, and generally upon such terms and

Exhibit 4 - 29

26. **Termination.** This trust may be terminated at any time by the Beneficiaries and with five (5) days written notice of termination delivered to the Trustee, the Trustee shall execute any and all documents necessary to vest fee simple marketable title to any and all Trust Property in Beneficiaries.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

BENEFICIARY

Signature: _____
Brenda Bidaure

State of California
County of Los Angeles

On 9 5 , 2013 , before me, EMMA C. ESPIRITU-NOTARY PUBLIC , personally appeared
ROSARIO B. BIDAURE , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary

ACCEPTED BY TRUSTEE

Signature: _____
Rosario B. Bidaure

Exhibit 4 - 30

# AMENDMENT TO TRUST

**THIS AMENDMENT** entered into this 6th day of September, 2013 amends the **WESTMONT STREET TRUST** as follows:

IT IS MUTUALLY AGREED AS FOLLOWS:

1. **Beneficiaries.** The trust is amended such that the following persons are the Beneficiaries of the Trust, and as such, shall be entitled to all of the earnings, avails and proceeds of the Trust Property according to their interest set opposite their respective names:

   Brenda Bidaure (90%) and Cashay, LLC, a California limited liability company (10%)

2. **Counterparts.** This Amendment may be executed in two or more counterparts, each of which shall be deemed and original, but all of which together shall constitute one and the same instrument.

3. **Other Terms and Conditions.** Except as provided in paragraphs 1 and 2, above, all other terms and conditions of the Trust shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

BENEFICIARIES

Signature: _____
Brenda Bidaure

Signature: _____
Agent for Cashay, LLC, a California
limited liability company

ACCEPTED BY TRUSTEE

Signature: _____
Rosario B. Bidaure

Exhibit 4 - 31



| To | NBS DEFAULT SERVICES LLC | From | Brenda Bidaure |
|---|---|---|---|
| Fax # | 972-643-6699 | Pages | 6 |

4916 Westmont St
Riverside, CA 92507

TS# 9980-9117

Auction: 2-28-14 at 9 a.m.

Bankruptcy information included in this fax. Please
review all documents before my sale this Friday. My Grant
Deed is included along with other bankruptcy information.

Thank you

Exhibit 4 - 32

**13-11745-CL11** D.N.S.A., Inc
**Case type:** bk **Chapter:** 11 **Asset:** Yes **Vol:** v **Judge:** Christopher B.
Latham
**Date filed:** 12/05/2013 **Date of last filing:** 02/13/2014

| PACER Service Center |
|---|
| Transaction Receipt |

| 02/26/2014 09:32:24 | | | |
|---|---|---|---|
| **PACER Login:** | | **Client Code:** | |
| **Description:** | Party List | **Search Criteria:** | 13-11745-CL11 |
| **Billable Pages:** | | **Cost:** | |

Exhibit 4 - 33

Recording requested by:

Brenda Bidaure

And when recorded, mail this deed and tax
statements to:   Brenda Bidaure
P.O. Box 77191
Corona, CA 92887

DOC # 2013-0436507
09/06/2013

**Customer Copy Label**
The paper to which this label is
affixed has not been compared
with the filed/recorded document

**Larry W Ward**
County of Riverside
Assessor, County Clerk & Recorder

# GRANT DEED

APN: 253-381-009-5

DOCUMENTARY TRANSFER TAX: $ 0.
EXEMPTION (R&T CODE): 11930
EXPLANATION: Transfer is a trust for the benefit of the
Grantor/Grantee and not pursuant to a sale.

Signature of Declarant or Agent determining tax

For a valuable consideration, receipt of which is hereby acknowledged,

    Brenda Bidaure, an Unmarried Woman

hereby grant(s) to:

    The Westmont Street Trust, Rosario S. Bidaure as Trustee

the following real property in the City of Riverside, County of Riverside, State of California, described as follows:

    SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

PROPERTY ADDRESS: 4916 Westmont St., Riverside, CA 92507

Date: September 5th, 2013

Brenda Bidaure

State of California
County of _Riverside_

On _September 5_, 2013, before me, _Anise Mejia, Notary Public_, personally appeared
_Brenda Bidaure_, who proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature of Notary

ANISE MEJIA
Commission # 1985773
Notary Public - California
Riverside County
My Comm. Expires Oct 27, 2016

Exhibit 4 - 34

# AGREEMENT AND DECLARATION OF TRUST

**THIS AGREEMENT AND DECLARATION OF TRUST** known as the **WESTMONT STREET TRUST** is made and entered into this 5ᵗʰ day of **SEPTEMBER, 2013**, by and between **BRENDA BIDAURE**, Trustor and Beneficiary, (hereinafter referred to as the "Beneficiaries" with possessory rights to the real property located at 4916 Westmont St., Riverside, CA 92507 whether one or more, which designation shall include all successors in interest of any Beneficiary), and Trustee: **ROSARIO B. BIDAURE** (hereinafter referred to as the "Trustee", which designation shall include all successor trustees).

IT IS MUTUALLY AGREED AS FOLLOWS:

**1. Revocable.** This trust shall be considered a revocable trust at the discretion of the grantor or beneficiaries.

**2. Trust Property.** The Beneficiaries are about to convey cause to be conveyed to the Trustee by deed, absolute in form, the property described in the attached Exhibit "A", which said property shall be held by the Trustee, in trust for the following uses and purposes, under the terms of this Agreement and shall be hereinafter referred to as the "Trust Property".

**3. Consideration.** No consideration was paid by Trustee for such conveyance. The conveyance will be accepted and will be held by Trustee subject to all existing encumbrances, easements, restrictions or other clouds or claims against the title thereto, whether the same are of record or otherwise. The property will be held on the trusts, terms and conditions and for the purposes hereinafter set forth, until the whole of the trust estate is conveyed, free of this trust, as hereinafter provided.

**4. Beneficiaries.** The following persons are the Beneficiaries of this Trust, and as such, shall be entitled to all the earnings, avails and proceeds of the Trust Property according to their interests set opposite their respective names:

   Brenda Bidaure, an Unmarried Woman (100%)

**5. Interests.** The interests of the Beneficiaries shall consist solely of the following rights respecting the Trust Property:
   a. The right to direct the Trustee to convey or otherwise deal with the title to the Trust Property as hereinafter set out;
   b. The right to manage and control the Trust Property;
   c. The right to receive the proceeds and avails from the rental, sale, mortgage, or other disposition of the Trust Property.

The foregoing rights shall be deemed to be personal property and may be assigned and otherwise transferred as such. No Beneficiary shall have any legal or equitable right, title or interest, as realty, in or to any real estate held in trust under this Agreement, or the right to require partition of that real estate, but shall have only the rights, as personally, set out above, and the death of a Beneficiary shall not terminate this Trust or in any manner affect the powers of the Trustee.

**6. Powers of Trustee.**
   a. With the written consent of the Beneficiary, the Trustee shall have authority to issue notes or bonds and to secure the payment of the same by mortgaging the whole or any part of the Trust Property to borrow money, giving notes therefor signed by him in his capacity as Trustee, to invest such part of the capital and the profits therefrom and the proceeds of the sale of bonds and notes in such real estate, equities in real estate, and mortgages in real estate in the United States of America, as he may deem advisable.
   b. With the written consent of the Beneficiary, the Trustee shall have the authority to hold the legal title to all of the Trust Property, and shall have the exclusive management and control of the property as if he were the absolute owner thereof, and the Trustee is hereby given full power to do all things and perform all acts which in his judgment are necessary and proper for the protection of the Trust Property and for the interest of the Beneficiaries in the property of the Trust, subject to the restrictions, terms, and conditions herein set forth.
   c. Without prejudice to the general powers conferred on the Trustee hereunder, it is hereby declared that the Trustee shall have the following powers, with the consent of the Beneficiaries:
      (1) To purchase any real property for the Trust at such times and on such terms, as may seem advisable, to assume mortgages upon the property;
      (2) To sell at public auction or private sale, to barter, to exchange, or to dispose of otherwise, any part, or the whole of the Trust Property which may, from time to time form part of the Trust estate, subject to such restrictions and for such consideration for cash and for credit, and generally upon such terms and

Page 1

Exhibit 4 - 35

28. **Termination.** This trust may be terminated at any time by the Beneficiaries and with five (5) days written notice of termination delivered to the Trustee, the Trustee shall execute any and all documents necessary to vest fee simple marketable title to any and all Trust Property in Beneficiaries.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

BENEFICIARY

Signature: _____
Brenda Bidaure

State of California
County of Los Angeles

On 9/5, 2013, before me, EMMA C. ESPIRITU-NOTARY PUBLIC, personally appeared ROSARIO B. BIDAURE, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[Notary seal: EMMA C. ESPIRITU, COMM. # 1967338, NOTARY PUBLIC-CALIFORNIA, LOS ANGELES COUNTY, COMM. EXPIRES JAN. 21, 2016]

_____
Signature of Notary

ACCEPTED BY TRUSTEE

Signature: _____
Rosario B. Bidaure

Page 5

Exhibit 4 - 36

# AMENDMENT TO TRUST

**THIS AMENDMENT** entered into this 6th day of January, 2014 amends the **WESTMONT STREET TRUST** as follows:

IT IS MUTUALLY AGREED AS FOLLOWS:

1.  **Beneficiaries.** The trust is amended such that the following persons are the Beneficiaries of the Trust, and as such, shall be entitled to all of the earnings, avails and proceeds of the Trust Property according to their interest set opposite their respective names:

    Brenda Bidaure (90%) and D.N.S.A., Inc (10%)

2.  **Counterparts.** This Amendment may be executed in two or more counterparts, each of which shall be deemed and original, but all of which together shall constitute one and the same instrument.

3.  **Other Terms and Conditions.** Except as provided in paragraphs 1 and 2, above, all other terms and conditions of the Trust shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

BENEFICIARIES

Signature: _____
            Brenda Bidaure

Signature: _____
            Agent for D.N.S.A., Inc

ACCEPTED BY TRUSTEE

Signature: _____
            Rosario B. Bidaure

Exhibit 4 - 37

## fax cover

to:            NBS DEFAULT SERVICES

fax#:          972-643-6699

from:          Brenda Bidaure

date:          05/02/14

pages:         6 total including this sheet

re:            Bankruptcy

property:      4916 Westmont Street
               Riverside, CA 92507

trustee #:     9980-9117

sale date:     May 5th @ 9:00 am

Exhibit 4 - 38

**14-02625-LA11** Iglesia Monte De Los Olivos, Inc.
**Case type:** bk **Chapter:** 11 **Asset:** Yes **Vol:** v **Judge:** Louise DeCarl Adler
**Date filed:** 04/02/2014 **Date of last filing:** 04/30/2014

# Case Summary

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/01/2014 06:30:53 | | |
| PACER Login: | Client Code: | |
| Description: Case Summary | Search Criteria: | 14-02625-LA11 |
| Billable Pages: 1 | Cost: | 0.10 |

Exhibit 4 - 39

Recording requested by:

Brenda Bidaure

And when recorded, mail this deed and tax
statements to:   Brenda Bidaure
                 P.O. Box 77191
                 Corona, CA 92887

DOC # 2013-0436607
09/06/2013

Customer Copy Label
The paper to which this label is
affixed has not been compared
with the filed/recorded document

Larry W Ward
County of Riverside
Assessor, County Clerk & Recorder

## GRANT DEED

APN: 253-381-009-5

DOCUMENTARY TRANSFER TAX: $ 0
EXEMPTION (R&T CODE: 11930:
EXPLANATION: Transfer to a trust for the benefit of the
Grantor/Grantee and not pursuant to a sale.

Signature of Declarant or Agent determining tax

For a valuable consideration, receipt of which is hereby acknowledged,

**Brenda Bidaure, an Unmarried Woman**

hereby grant(s) to:

**The Westmont Street Trust, Rosario D. Bidaure as Trustee**

the following real property in the City of Riverside, County of Riverside, State of California, described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

PROPERTY ADDRESS: 3916 Westmont St., Riverside, CA 92507

Date: September 5th, 2013                     _____
                                              Brenda Bidaure

State of California
County of _Riverside_

On _September 5, 2013_ , before me, _Anise Mejia, Notary Public_ personally appeared
_Brenda Bidaure_ who proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

_____
Signature of Notary

ANISE MEJIA
Commission # 1995793
Notary Public - California
Riverside County
My Comm. Expires Oct 27, 2016

Exhibit 4 - 40

# AGREEMENT AND DECLARATION OF TRUST

**THIS AGREEMENT AND DECLARATION OF TRUST** known as the **WESTMONT STREET TRUST** is made and entered into this 5th **day of SEPTEMBER, 2013,** by and between **BRENDA BIDAURE,** Trustor and Beneficiary, (hereinafter referred to as the "Beneficiaries" with possessory rights to the real property located at 4916 Westmont St., Riverside, CA 92507 whether one or more, which designation shall include all successors in interest of any Beneficiary), and Trustee: **ROSARIO B. BIDAURE** (hereinafter referred to as the "Trustee", which designation shall include all successor trustees).

IT IS MUTUALLY AGREED AS FOLLOWS:

1. **Revocable.** This trust shall be considered a revocable trust at the discretion of the grantor or beneficiaries.

2. **Trust Property.** The Beneficiaries are about to convey, cause to be conveyed, to the Trustee by deed, absolute in form, the property described in the attached Exhibit "A", which said property shall be held by the Trustee, in trust for the following uses and purposes, under the terms of this Agreement and shall be hereinafter referred to as the "Trust Property".

3. **Consideration.** No consideration was paid by Trustee for such conveyance. The conveyance will be accepted and will be held by Trustee subject to all existing encumbrances, easements, restrictions or other clouds or claims against the title thereto, whether the same are of record or otherwise. The property will be held on the trusts, terms and conditions and for the purposes hereinafter set forth, until the whole of the trust estate is conveyed, free of this trust, as hereinafter provided.

4. **Beneficiaries.** The following persons are the Beneficiaries of this Trust, and as such, shall be entitled to all of the earnings, avails and proceeds of the Trust Property according to their interests set opposite their respective names:

   Brenda Bidaure, an Unmarried Woman (100%)

5. **Interests.** The interests of the Beneficiaries shall consist solely of the following rights respecting the Trust Property:
   a. The right to direct the Trustee to convey or otherwise deal with the title to the Trust Property as hereinafter set out.
   b. The right to manage and control the Trust Property.
   c. The right to receive the proceeds and avails from the rental, sale, mortgage, or other disposition of the Trust Property.

The foregoing rights shall be deemed to be personal property and may be assigned and otherwise transferred as such. No Beneficiary shall have any legal or equitable right, title or interest, as realty, in or to any real estate held in trust under this Agreement, or the right to require partition of that real estate, but shall have only the rights, as personalty, set out above, and the death of a Beneficiary shall not terminate this Trust or in any manner affect the powers of the Trustee.

6. **Powers of Trustee.**
   a. With the written consent of the Beneficiary, the Trustee shall have authority to issue notes or bonds and to secure the payment of the same by mortgaging the whole or any part of the Trust Property to borrow money, giving notes therefor signed by him in his capacity as Trustee, to invest such part of the capital and the profits therefrom and the proceeds of the sale of bonds and notes in such real estate, equities in real estate, and mortgages in real estate in the United States of America, as he may deem advisable.
   b. With the written consent of the Beneficiary, the Trustee shall have the authority to hold the legal title to all of the Trust Property, and shall have the exclusive management and control of the property as if he were the absolute owner thereof, and the Trustee is hereby given full power to do all things and perform all acts which in his judgment are necessary and proper for the protection of the Trust Property and for the interest of the Beneficiaries in the property of the Trust, subject to the restrictions, terms, and conditions herein set forth.
   c. Without prejudice to the general powers conferred on the Trustee hereunder, it is hereby declared that the Trustee shall have the following powers, with the consent of the Beneficiaries:
      (1) To purchase any real property for the Trust at such times and on such terms, as may seem advisable, to assume mortgages upon the property.
      (2) To sell at public auction or private sale, to barter, to exchange, or to dispose of otherwise, any part, or the whole of the Trust Property which may, from time to time form part of the Trust estate, subject to such restrictions and for such consideration for cash and for credit, and generally upon such terms and

Page 1

Exhibit 4 - 41

**28. Termination.** This trust may be terminated at any time by the Beneficiaries and with five (5) days written notice of termination delivered to the Trustee, the Trustee shall execute any and all documents necessary to vest fee simple marketable title to any and all Trust Property in Beneficiaries.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

BENEFICIARY

Signature: _____
Brenda Bidaure

State of California
County of Los Angeles

On 9 5, 2013, before me, EMMA C ESPIRITU NOTARY PUBLIC, personally appeared ROSARIO B. BIDAURE, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[Notary seal: EMMA C. ESPIRITU, COMM. # 1987288, NOTARY PUBLIC - CALIFORNIA, LOS ANGELES COUNTY, COMM. EXPIRES JAN. 31, 2015]

_____
Signature of Notary

ACCEPTED BY TRUSTEE

Signature: _____
Rosario B. Bidaure

Page 5

Exhibit 4 - 42

# AMENDMENT TO TRUST

THIS AMENDMENT entered into this 1st day of May, 2014 amends the WESTMONT STREET TRUST as follows:

IT IS MUTUALLY AGREED AS FOLLOWS:

1.    Beneficiaries. The trust is amended such that the following persons are the Beneficiaries of the Trust, and as such, shall be entitled to all of the earnings, avails and proceeds of the Trust Property according to their interest set opposite their respective names:

   Brenda Bidaure (90%) and Iglesia Monte De Los Olivos, Inc. (10%)

2.    Counterparts. This Amendment may be executed in two or more counterparts, each of which shall be deemed and original, but all of which together shall constitute one and the same instrument.

3.    Other Terms and Conditions. Except as provided in paragraphs 1 and 2, above, all other terms and conditions of the Trust shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

                                                   BENEFICIARIES

           Signature: _____
                        Brenda Bidaure

           Signature: _____
                        Agent for Iglesia Monte De Los Olivos, Inc.


                             ACCEPTED BY TRUSTEE

Signature: _____
             Rosario B. Bidaure


                                 Page 1

Exhibit 4 - 43

## fax cover

to:              NBS DEFAULT SERVICES

fax#:            972-643-6699

from:            Brenda Bidaure

date:            06/25/14

pages:           6 total including this sheet

re:              Bankruptcy

property:        4916 Westmont Street
                 Riverside, CA 92507

trustee #:       9980-9117

sale date:       June 26, 2014 @ 9:00 am

Exhibit 4 - 44

**14-02625-LA11** Iglesia Monte De Los Olivos, Inc.
**Case type:** bk **Chapter:** 11 **Asset:** Yes **Vol:** v **Judge:** Louise DeCarl Adler
**Date filed:** 04/02/2014 **Date of last filing:** 06/17/2014

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/24/2014 11:21:13 | | | |
| PACER Login: | | Client Code: | |
| Description: | Case Summary | Search Criteria: | 14-02625-LA11 |
| Billable Pages: | | Cost: | |

Exhibit 4 - 45

Recording requested by:

Brenda Bidaure

And when recorded, mail this deed and tax
statements to:   Brenda Bidaure
                 P.O. Box 77191
                 Corona, CA 92887

DOC # 2013-0436507
09/06/2013

**Customer Copy Label**
The paper to which this label is
affixed has not been compared
with the filed/recorded document

**Larry W Ward**
County of Riverside
Assessor, County Clerk & Recorder

---

# GRANT DEED

APN: 253-381-009-5

DOCUMENTARY TRANSFER TAX: $ 0
EXEMPTION (R&T CODE): 11930
EXPLANATION: Transfer to a trust for the benefit of the
Grantor/Grantee and not pursuant to a sale.

Signature of Declarant or Agent determining tax

For a valuable consideration, receipt of which is hereby acknowledged,

   Brenda Bidaure, an Unmarried Woman

hereby grant(s) to:

   The Westmont Street Trust, Roserio B. Bidaure as Trustee

the following real property in the City of Riverside, County of Riverside, State of California, described as follows:

   SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

PROPERTY ADDRESS: 4916 Westmont St., Riverside, CA 92507

Date: September 5th, 2013

_____
Brenda Bidaure

State of California
County of _Riverside_

On _September 5_, 2013, before me, _Anise Mejia, Notary Public_, personally appeared
_Brenda Bidaure_ who proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

_____
Signature of Notary

ANISE MEJIA
Commission # 1985773
Notary Public - California
Riverside County
My Comm. Expires Oct 27, 2015

Exhibit 4 - 46

# AGREEMENT AND DECLARATION OF TRUST

**THIS AGREEMENT AND DECLARATION OF TRUST** known as the **WESTMONT STREET TRUST** is made and entered into this 5th day of SEPTEMBER, 2013, by and between **BRENDA BIDAURE**, Trustor and Beneficiary, (hereinafter referred to as the "Beneficiaries" with possessory rights to the real property located at 4916 Westmont St., Riverside, CA 92507 whether one or more, which designation shall include all successors in interest of any Beneficiary), and Trustee: **ROSARIO B. BIDAURE** (hereinafter referred to as the "Trustee", which designation shall include all successor trustees).

IT IS MUTUALLY AGREED AS FOLLOWS:

1. **Revocable.** This trust shall be considered a revocable trust at the discretion of the grantor or beneficiaries.

2. **Trust Property.** The Beneficiaries are about to convey cause to be conveyed to the Trustee by deed, absolute in form, the property described in the attached Exhibit "A", which said property shall be held by the Trustee, in trust for the following uses and purposes, under the terms of this Agreement and shall be hereinafter referred to as the "Trust Property".

3. **Consideration.** No consideration was paid by Trustee for such conveyance. The conveyance will be accepted and will be held by Trustee subject to all existing encumbrances, easements, restrictions or other clouds or claims against the title thereto, whether the same are of record or otherwise. The property will be held on the trusts, terms and conditions and for the purposes hereinafter set forth, until the whole of the trust estate is conveyed, free of this trust, as hereinafter provided.

4. **Beneficiaries.** The following persons are the Beneficiaries of this Trust, and as such, shall be entitled to all of the earnings, avails and proceeds of the Trust Property according to their interests set opposite their respective names:

   Brenda Bidaure, an Unmarried Woman (100%)

5. **Interests.** The interests of the Beneficiaries shall consist solely of the following rights respecting the Trust Property:

   a. The right to direct the Trustee to convey or otherwise deal with the title to the Trust Property as hereinafter set out.
   b. The right to manage and control the Trust Property.
   c. The right to receive the proceeds and avails from the rental, sale, mortgage, or other disposition of the Trust Property.

The foregoing rights shall be deemed to be personal property and may be assigned and otherwise transferred as such. No Beneficiary shall have any legal or equitable right, title or interest, as realty, in or to any real estate held in trust under this Agreement, or the right to require partition of that real estate, but shall have only the rights, as personally, set out above, and the death of a Beneficiary shall not terminate this Trust or in any manner affect the powers of the Trustee.

6. **Powers of Trustee.**

   a. With the written consent of the Beneficiary, the Trustee shall have authority, to issue notes or bonds and to secure the payment of the same by mortgaging the whole or any part of the Trust Property to borrow money, giving notes therefor signed by him in his capacity as Trustee, to invest such part of the capital and the profits therefrom and the proceeds of the sale of bonds and notes in such real estate, equities in real estate, and mortgages in real estate in the United States of America, as he may deem advisable.
   b. With the written consent of the Beneficiary, the Trustee shall have the authority to hold the legal title to all of the Trust Property, and shall have the exclusive management and control of the property as if he were the absolute owner thereof, and the Trustee is hereby given full power to do all things and perform all acts which in his judgment are necessary and proper for the protection of the Trust Property and for the interest of the Beneficiaries in the property of the Trust, subject to the restrictions, terms, and conditions herein set forth.
   c. Without prejudice to the general powers conferred on the Trustee hereunder, it is hereby declared that the Trustee shall have the following powers, with the consent of the Beneficiaries:
      (1) To purchase any real property for the Trust at such times and on such terms, as may seem advisable, to assume mortgages upon the property.
      (2) To sell at public auction or private sale, to barter, to exchange, or to dispose of otherwise, any part, or the whole of the Trust Property which may, from time to time form part of the Trust estate, subject to such restrictions and for such consideration for cash and for credit, and generally upon such terms and

Page 1

Exhibit 4 - 47

**26. Termination.** This trust may be terminated at any time by the Beneficiaries and with five (5) days written notice of termination delivered to the Trustee, the Trustee shall execute any and all documents necessary to vest fee simple marketable title to any and all Trust Property in Beneficiaries.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

BENEFICIARY

Signature: _____
Brenda Bidaure

State of California
County of Los Angeles

On 9 5, 2013, before me, EMMA C. ESPIRITU NOTARY PUBLIC, personally appeared ROSARIO B. BIDAURE, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary

EMMA C. ESPIRITU
COMM. # 1967279
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES JAN. 21, 2016

ACCEPTED BY TRUSTEE

Signature: _____
Rosario B. Bidaure

Page 5

Exhibit 4 - 48

# AMENDMENT TO TRUST

THIS AMENDMENT entered into this 1st day of May, 2014 amends the WESTMONT STREET TRUST as follows:

IT IS MUTUALLY AGREED AS FOLLOWS:

1.  Beneficiaries: The trust is amended such that the following persons are the Beneficiaries of the Trust, and as such, shall be entitled to all of the earnings, avails and proceeds of the Trust Property according to their interest set opposite their respective names.

        Brenda Bidaure (90%) and Iglesia Monte De Los Olivos, Inc. (10%)

2.  Counterparts. This Amendment may be executed in two or more counterparts, each of which shall be deemed and original, but all of which together shall constitute one and the same instrument.

3.  Other Terms and Conditions. Except as provided in paragraphs 1 and 2 above, all other terms and conditions of the Trust shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

                           BENEFICIARIES

Signature: _____
           Brenda Bidaure

Signature: _____
           Agent for Iglesia Monte De Los Olivos, Inc.

                         ACCEPTED BY TRUSTEE

Signature: _____
           Rosario B. Bidaure

Exhibit 4 - 49

DATE: July 04, 2014

To: NBS Default Services, LLC  Fax #  (562) 983-5379

Wells Fargo Home Mortgage  Fax# (866) 278-1179


RE: BRENDA B. BIDAURE   XXX-XX-3122

NOTICE OF BANKRUPTCY CASE FILING

**CASE NUMBER:  6:14-bk-18675-SC**


SEE ATTACHED PAGE: NOTICE OF BANKRUPTCY CASE FILING

NOTE: DISREGARD OF THIS NOTICE IS A VIOLATION OF AUTOMATIC
STAY, BANKRUPTCY CODE.


THANK YOU FOR YOUR ATTENTION TO THIS MATTER.



Brenda B. Bidaure
All Rights Reserved


Total 3 pages

Exhibit 4 - 50

7/3/2014                              CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)

United States Bankruptcy Court
Central District Of California

# Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed
under Chapter 7 of the United States Bankruptcy Code, entered on
07/03/2014 at 3:20 PM and filed on 07/03/2014.

**Brenda Burton Bidaure**
4916 Westmont Street
Riverside, CA 92507
SSN / ITIN: xxx-xx-3122

FILED
07/03/2014
3:20 PM

The case was filed by the debtor's attorney:       The bankruptcy trustee is:

**Nancy Korompis**                          **Arturo Cisneros (TR)**
Korompis Law Offices                         3403 Tenth Street, Suite 714
1015 N Lake Ave Ste 115                      Riverside, CA 92501
Pasadena, CA 91104                           (951) 328-3124
626-938-9200

The case was assigned case number 6:14-bk-18675-SC to Judge Scott C Clarkson.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist
at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 3420 Twelfth Street,, Riverside, CA 92501-
3819.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Kathleen J. Campbell
Clerk, U.S. Bankruptcy
Court**

---

**PACER Service Center**

https://ecf.cacb.uscourts.gov/cgi-bin/NoticeOfFiling.pl?1659551

Exhibit 4 - 51

1/2

NBS Default Services, LLC

301 E. Ocean Blvd. Suite 1720
Long Beach, CA 90802
Phone: 800-766-7751
Fax: 562-983-5379

June 30, 2014


BRENDA BIDAURE
4916 WESTMONT ST
RIVERSIDE, CA 92507


### Re: NOTICE TO BORROWER OF POSTPONEMENT OF TRUSTEE'S SALE

T.S. Number: 9980-9117
Property Address: 4916 WESTMONT ST, RIVERSIDE, CA 92507

Dear BRENDA BIDAURE,

You are hereby notified that the above referenced trustee's sale previously scheduled for 6/26/2014 at 09:00 AM has been postponed to 07/03/2014 at 09:00 AM at the place originally fixed by the Trustee for sale in the Notice of Trustee's Sale.

YOU MAY NOT RECEIVE WRITTEN NOTICE OF POSTPONEMENT EACH TIME THE TRUSTEE'S SALE IS POSTPONED. You may monitor trustee's sale postponements by attending the scheduled trustee's sale at the place set forth in the notice of trustee's sale and at the date and time set forth in the most recent public declaration of postponement. While a public declaration at the time set for trustee's sale is the official method for postponing a trustee's sale, you can also obtain information about further trustee's sale postponements by calling (714)730-2727 or through the following website: www.servicelinkASAP.com and by accepting the terms and conditions for use of that resource. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE WITHOUT FURTHER NOTICE.

Best Regards,

NBS Default Services, LLC

for Wells Fargo Bank, N. A.



Exhibit 4 - 52

Repeat-cacb, RepeatPACER, CLOSED

## U.S. Bankruptcy Court
## Central District of California (Riverside)
## Bankruptcy Petition #: 6:14-bk-18675-WJ

|  |  |
|---|---|
| *Assigned to:* Wayne E. Johnson | *Date filed:* 07/03/2014 |
| Chapter 7 | *Date terminated:* 02/19/2015 |
| Voluntary | *Debtor discharged:* 10/14/2014 |
| No asset | *341 meeting:* 08/05/2014 |
|  | *Deadline for objecting to discharge:* 10/06/2014 |
|  | *Deadline for financial mgmt. course:* 10/06/2014 |

*Debtor disposition:* Standard Discharge

**Debtor**                                      represented by **Nancy Korompis**
**Brenda Burton Bidaure**                       Korompis Law Offices
POB 77191                                       1015 N Lake Ave Ste 115
Corona, CA 92877                                Pasadena, CA 91104
RIVERSIDE-CA                                    626-938-9200
SSN / ITIN: xxx-xx-3122                         Fax : 877-552-9252
                                                Email: korompislaw@gmail.com

**Trustee**
**Arturo Cisneros (TR)**
3403 Tenth Street, Suite 714
Riverside, CA 92501
(951) 328-3124

**U.S. Trustee**
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 07/03/2014 | <u>1</u><br>(63 pgs) | Chapter 7 Voluntary Petition . Fee Amount $335 Filed by Brenda Burton Bidaure (Korompis, Nancy) Warning: Judge Wayne Johnson added to case due to prior related case 6:14-bk-15631-WJ. Debtor's mailing address has been updated to reflect PDF. Item subsequently amended by docket entry no. 3 Modified on 7/7/2014 (Hallock, Valerie). (Entered: 07/03/2014) |
| 07/03/2014 | <u>2</u> |  |

Exhibit 4 - 53

| | | |
|---|---|---|
| | | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Brenda Burton Bidaure. (Korompis, Nancy) (Entered: 07/03/2014) |
| 07/03/2014 | 4 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 08/05/2014 at 11:00 AM at RM 103, 3801 University Ave., Riverside, CA 92501. Objections for Discharge due by 10/06/2014. Cert. of Financial Management due by 10/06/2014 for Debtor and Joint Debtor (if joint case) (Korompis, Nancy) (Entered: 07/03/2014) |
| 07/03/2014 | | Receipt of Voluntary Petition (Chapter 7)(6:14-bk-18675) [misc,volp7] ( 335.00) Filing Fee. Receipt number 37414065. Fee amount 335.00. (re: Doc# 1) (U.S. Treasury) (Entered: 07/03/2014) |
| 07/04/2014 | | Notice of Debtor's Prior Filings for debtor Brenda Burton Bidaure Case Number 98-12407, Chapter 7 filed in California Central Bankruptcy on 02/12/1998 , Standard Discharge on 06/02/1998; Case Number 14-15631, Chapter 7 filed in California Central Bankruptcy on 04/30/2014 , Dismissed for Failure to File Information on 05/20/2014; Case Number 12-35577, Chapter 13 filed in California Central Bankruptcy on 11/15/2012 , Dismissed for Other Reason on 01/31/2013.(Admin) (Entered: 07/04/2014) |
| 07/07/2014 | 3 | Notice to Filer of Correction Made/No Action Required: **Incorrect case data/statistical information was entered at the time of filing. THE COURT HAS CORRECTED THIS INFORMATION. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE. Judge/Trustee was reassigned due to prior case. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Brenda Burton Bidaure) (Hallock, Valerie) (Entered: 07/07/2014) |
| 07/09/2014 | 5 (17 pgs) | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate *with Proof of Service.* Fee Amount $176, Filed by Debtor Brenda Burton Bidaure (Korompis, Nancy) Warning: Item subsequently amended by document no.7 Modified |

Exhibit 4 - 54

| | | |
|---|---|---|
| | | on 7/10/2014 (Green, Yolanda). (Entered: 07/09/2014) |
| 07/09/2014 | <u>6</u><br>(3 pgs) | BNC Certificate of Notice (RE: related document(s) <u>4</u> Meeting (AutoAssign Chapter 7)) No. of Notices: 8. Notice Date 07/09/2014. (Admin.) (Entered: 07/09/2014) |
| 07/10/2014 | 7 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. Document has incorrect Judge. Correct Judge on case is Wayne Johnson. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION FOR JUDGE JOHNSON** (RE: related document(s)<u>5</u> Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Brenda Burton Bidaure) (Green, Yolanda) (Entered: 07/10/2014) |
| 07/11/2014 | | Receipt of Motion for Relief - Imposing a Stay or Continuing the Automatic Stay(6:14-bk-18675-WJ) [motion,nmis] ( 176.00) Filing Fee. Receipt number 37452682. Fee amount 176.00. (re: Doc# <u>5</u>) (U.S. Treasury) (Entered: 07/11/2014) |
| 07/11/2014 | <u>8</u><br>(16 pgs) | Notice of Hearing *Amended w Motion and Proof of Service* Filed by Debtor Brenda Burton Bidaure (RE: related document(s)<u>5</u> Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate *with Proof of Service*. Fee Amount $176, Filed by Debtor Brenda Burton Bidaure (Korompis, Nancy) Warning: Item subsequently amended by document no.7 Modified on 7/10/2014.). (Korompis, Nancy) (Entered: 07/11/2014) |
| 07/11/2014 | 9 | Hearing Set (RE: related document(s)<u>5</u> Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Brenda Burton Bidaure) The Hearing date is set for 7/29/2014 at 09:30 AM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (Green, Yolanda) (Entered: 07/11/2014) |
| 07/11/2014 | <u>10</u><br>(1 pg) | |

Exhibit 4 - 55

| | | |
|---|---|---|
| | | Request for courtesy Notice of Electronic Filing (NEF) *with Certificate of Service* Filed by Zahradka, Robert. (Zahradka, Robert) (Entered: 07/11/2014) |
| 07/14/2014 | <u>11</u> (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Singh, Ramesh. (Singh, Ramesh) (Entered: 07/14/2014) |
| 07/15/2014 | <u>12</u> (1 pg) | Personal Financial Management Course Certificate for Debtor (Geving, Allison) (Entered: 07/15/2014) |
| 07/18/2014 | <u>13</u> (3 pgs) | Request for special notice Filed by Creditor The Bank Of New York Mellon fka The Bank Of New York, As Trustee For The Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2005-AB3 by and through its servicing agent Bank of America,. (Zilberstein, Kristin) (Entered: 07/18/2014) |
| 07/25/2014 | <u>14</u> (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Bui, Joely Khanh Linh. (Bui, Joely Khanh Linh) (Entered: 07/25/2014) |
| 07/29/2014 | <u>15</u> (2 pgs) | Order Denying Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF) (Related Doc # <u>5</u> ). Signed on 7/29/2014 (Gooch, Yvonne) (Entered: 07/29/2014) |
| 07/29/2014 | <u>16</u> (3 pgs) | Document Hearing Held re: motion in individual case for order imposing a stay or continuing the automatic stay - The motion is denied for the reasons stated on the record. (RE: related document(s)<u>5</u> Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Brenda Burton Bidaure) (Olmos, Justin) (Entered: 07/30/2014) |
| 07/31/2014 | <u>17</u> (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>15</u> Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF)) No. of Notices: 1. Notice Date 07/31/2014. (Admin.) (Entered: 07/31/2014) |
| 08/06/2014 | | Chapter 7 Trustee's Report of No Distribution: I, Arturo Cisneros (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of |

Exhibit 4 - 56

| | | |
|---|---|---|
| | | the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 1354819.00, Assets Exempt: Not Available, Claims Scheduled: $ 2179073.12, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 2179073.12. Filed by Trustee Arturo Cisneros (TR) (RE: related document (s)4 Meeting of Creditors with 341(a) meeting to be held on 08/05/2014 at 11:00 AM at RM 103, 3801 University Ave., Riverside, CA 92501. Objections for Discharge due by 10/06/2014. Cert. of Financial Management due by 10/06/2014 for Debtor and Joint Debtor (if joint case)). (Cisneros (TR), Arturo) (Entered: 08/06/2014) |
| 08/07/2014 | 18 (5 pgs; 2 docs) | Amending Schedules (E) Filed by Debtor Brenda Burton Bidaure. (Attachments: # 1 Electronic Filing Declaration) (Korompis, Nancy) (Entered: 08/07/2014) |
| 08/07/2014 | | Receipt of Amending Schedules D E or F(6:14-bk-18675-WJ) [misc,amdsch] ( 30.00) Filing Fee. Receipt number 37714909. Fee amount 30.00. (re: Doc# 18) (U.S. Treasury) (Entered: 08/07/2014) |
| 10/09/2014 | 19 (53 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 4916 Westmont Street, Riverside, California 92507 , *with proof of service*. Fee Amount $176, Filed by Creditor HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-AR7 (Attachments: # 1 Exhibit 1 - 4) (Zahradka, Robert) (Entered: 10/09/2014) |
| 10/09/2014 | 20 | |

Exhibit 4 - 57

| | | |
|---|---|---|
| | | Hearing Set (RE: related document(s)19 Motion for Relief from Stay - Real Property filed by Creditor HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-AR7) The Hearing date is set for 11/13/2014 at 10:00 AM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (Gooch, Yvonne) (Entered: 10/09/2014) |
| 10/09/2014 | | Receipt of Motion for Relief from Stay - Real Property(6:14-bk-18675-WJ) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 38242678. Fee amount 176.00. (re: Doc# 19) (U.S. Treasury) (Entered: 10/09/2014) |
| 10/14/2014 | 21 (2 pgs) | DISCHARGE OF DEBTORS (BNC) (Fleming, Lachelle) (Entered: 10/14/2014) |
| 10/16/2014 | 22 (4 pgs) | BNC Certificate of Notice (RE: related document(s) 21 DISCHARGE OF DEBTOR - Chapter 7 (CACB AutoDischarge) (BNC)) No. of Notices: 9. Notice Date 10/16/2014. (Admin.) (Entered: 10/16/2014) |
| 11/13/2014 | 23 (2 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 19 ) Signed on 11/13/2014 (Gooch, Yvonne) (Entered: 11/13/2014) |
| 11/13/2014 | 25 (3 pgs) | Document Hearing Held re: Motion for relief from stay - The motion is granted based on the final ruling posted by the Court. See docket image for further details. (RE: related document(s)19 Motion for Relief from Stay - Real Property filed by Creditor HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-AR7) (Olmos, Justin) (Entered: 11/17/2014) |
| 11/15/2014 | 24 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)23 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 11/15/2014. (Admin.) (Entered: 11/15/2014) |
| 12/11/2014 | 26 (45 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL |

Exhibit 4 - 58

| | | |
|---|---|---|
| | | PROPERTY RE: 1018 East Ridgewood Street, Long Beach, CA 90807 . Fee Amount $176, Filed by Creditor The Bank Of New York Mellon fka The Bank Of New York, As Trustee For The Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2005-AB3 by and through its servicing agent Bank of America, (Attachments: # 1 Exhibit) (Zilberstein, Kristin) (Entered: 12/11/2014) |
| 12/11/2014 | | Receipt of Motion for Relief from Stay - Real Property(6:14-bk-18675-WJ) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 38730622. Fee amount 176.00. (re: Doc# 26) (U.S. Treasury) (Entered: 12/11/2014) |
| 12/11/2014 | 27 | Hearing Set (RE: related document(s)26 Motion for Relief from Stay - Real Property filed by Creditor The Bank Of New York Mellon fka The Bank Of New York, As Trustee For The Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2005-AB3 by and through its servicing agent Bank of America,) The Hearing date is set for 1/5/2015 at 10:00 AM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (Gooch, Yvonne) (Entered: 12/11/2014) |
| 01/05/2015 | 28 (2 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 26 ) Signed on 1/5/2015 (Gooch, Yvonne) (Entered: 01/05/2015) |
| 01/05/2015 | 29 (3 pgs) | Document Hearing Held re Motion - The motion is granted based on the final ruling posted by the Court. (RE: related document(s)26 Motion for Relief from Stay - Real Property filed by Creditor The Bank Of New York Mellon fka The Bank Of New York, As Trustee For The Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2005-AB3 by and through its servicing agent Bank of America,) (Green, Yolanda) (Entered: 01/05/2015) |
| 01/07/2015 | 30 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)28 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 01/07/2015. (Admin.) (Entered: 01/07/2015) |
| 02/19/2015 | 31 | |

Exhibit 4 - 59

| | | Bankruptcy Case Closed - DISCHARGE. Order of Discharge in the above referenced case was entered and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (RE: related document(s)5 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Brenda Burton Bidaure, 19 Motion for Relief from Stay - Real Property filed by Creditor HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-AR7) (Green, Yolanda) (Entered: 02/19/2015) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/20/2016 13:56:13 | | | |
| PACER Login: | dpoitras3571:2750334:3943733 | Client Code: | ffirm |
| Description: | Docket Report | Search Criteria: | 6:14-bk-18675-WJ Fil or Ent: filed From: 10/22/2011 To: 1/20/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 5 | Cost: | 0.50 |

Exhibit 4 - 60

# EXHIBIT 5

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Robert P. Zahradka (SBN 282706)<br>rzahradka@piteduncan.com<br>Joseph C. Delmotte (SBN 259460)<br>jcdelmotte@piteduncan.com<br>**PITE DUNCAN, LLP**<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br>Telephone: (858) 750-7600<br>Facsimile: (619) 590-1385 | FOR COURT USE ONLY |
|---|---|
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FILED & ENTERED<br><br>NOV 13 2014<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY gooch    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>BRENDA BURTON BIDAURE, | CASE NO.: 6:14-bk-18675-WJ<br>CHAPTER: 7 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE:         November 13, 2014<br>TIME:         10:00 am<br>COURTROOM: 304 |
| Debtor(s). | |

**Movant:** HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-AR7

1. The Motion was:        ☐ Opposed        ☒ Unopposed        ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address:*        4916 Westmont Street
   *Unit/suite number:*
   *City, state, zip code:*  Riverside, CA, 92507

   Legal description or document recording number (including county of recording):
   2007-0601232, Riverside County of California

   ☐ See attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Exhibit 5- 61

3. The Motion is granted under:

    a. ☒ 11 U.S.C. § 362(d)(1)

    b. ☒ 11 U.S.C. § 362(d)(2)

    c. ☐ 11 U.S.C. § 362(d)(3)

    d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2) ☐ Multiple bankruptcy cases affecting the Property.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (date) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. The creditor or counsel for the creditor may communicate with the debtor or counsel for the debtor regarding the Property and the debt owed to the creditor.

###

Date: November 13, 2014

_Wayne Johnson_
Wayne Johnson
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                          F 4001-1.RFS.RP.ORDER

Exhibit 5 - 62

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 1/20/2016 ____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod (WJ) Danielson (TR)    notice-efile@rodan13.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 1/20/2016 ____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Debtor
Brenda B. Bidaure
4916 Westmont Street
Riverside, CA 92507

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 1/20/2016 ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
SERVED BY OVERNIGHT MAIL
Honorable Wayne Johnson
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 384
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/20/2016 | Billie Terry | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 12                                    F 4001-1.RFS.RP.MOTION